| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| LYNNE DUGGAN, § | |
| § | |
| Appellant, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 4:18-CV-554 |
| § | |
| TANGLEWOOD VILLA OWNERS § | |
| ASSOCIATION, INC., § | |
| § | |
| Appellee. § | |

**MEMORANDUM AND ORDER**

Pending before the court is Appellant Lynne Duggan's ("Duggan") Amended Notice of Appeal (#10), wherein Duggan appeals the following bankruptcy court orders: (1) order denying Duggan leave to proceed *in forma pauperis*, (2) order denying Duggan's motion to vacate dismissal with prejudice or amend dismissal to be without prejudice, and (3) order denying Duggan's motion for extension of time to file her notice of appeal. Having considered the submissions of the parties, the record, and the applicable law, the court is of the opinion that the bankruptcy court's orders should be affirmed.

I. Background

This appeal stems from a long history of litigation between Duggan and Appellee Tanglewood Villa Owners Association, Inc. ("Tanglewood"). On June 2, 2017, apparently in an effort to avoid a pending foreclosure, Duggan filed a Voluntary Petition for Bankruptcy Protection under Chapter 13 of the United States Bankruptcy Code. On July 11, 2017, Duggan filed her Proposed Chapter 13 plan. On August 23, 2017, Tanglewood filed its objection to the proposed plan. On November 21, 2017, after a hearing, the bankruptcy court denied confirmation of the

proposed plan. On December 12, 2017, Duggan filed her Amended Proposed Chapter 13 plan. On March 11, 2018, Tanglewood filed its objection to the amended plan.

The bankruptcy court held a hearing on June 18, 2018, where it denied confirmation and dismissed Duggan's bankruptcy proceeding with prejudice for 120 days. On June 27, 2018, the bankruptcy court entered a written order memorializing the oral order. On July 11, 2018, Duggan filed a Motion to Vacate Dismissal with Prejudice or Amend Dismissal to be Without Prejudice and a Motion for Extension of Time to File Notice of Appeal. The bankruptcy court denied both motions on July 25, 2018. On August 7, 2018, Duggan filed her Notice of Appeal and Statement of Inability to Afford Payment of Court Costs or an Appeal Bond. The bankruptcy court treated the later filing as a motion to proceed *in forma pauperis* and denied it on September 4, 2018. On September 18, 2018, Duggan filed an Amended Notice of Appeal, wherein she added the bankruptcy court's September 4, 2018, order to the orders she is appealing.

On March 29, 2019, Duggan filed a second bankruptcy petition in Case Number 19-40828 in the United States Bankruptcy Court for the Eastern District of Texas.

II.     Standard of Review

In reviewing a decision of the bankruptcy court, the court must accept the bankruptcy court's findings of fact unless clearly erroneous and examine the bankruptcy court's conclusions of law *de novo*. *See In re Monge*, 826 F.3d 250, 254 (5th Cir. 2016); *In re Renaissance Hosp. Grand Prairie Inc.*, 713 F.3d 285, 293–94 (5th Cir. 2013); *In re Halo Wireless, Inc.*, 684 F.3d 581, 586 (5th Cir. 2012); *Drive Fin. Servs., L.P. v. Jordan*, 521 F.3d 343, 346 (5th Cir. 2008). Mixed questions of law and fact are reviewed *de novo*. *In re Renaissance Hosp. Grand Prairie Inc.*, 713 F.3d at 294; *Tech. Lending Partners, LLC v. San Patricio Cty. Cmty. Action Agency (In*

*re San Patricio Cty. Cmty. Action Agency)*, 575 F.3d 553, 557 (5th Cir. 2009). A finding of fact is clearly erroneous when although there is evidence to support it, the reviewing court is "left with a firm and definite conviction that a mistake has been made." *Saenz v. Gomez*, 899 F.3d 384, 395 (5th Cir. 2018) (quoting *Otto Candies, L.L.C. v. Nippon Kaiji Kyokai Corp.*, 346 F.3d 530, 533 (5th Cir. 2003)); *see In re Renaissance Hosp. Grand Prairie Inc.*, 713 F.3d at 293-94 (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985)); *Bertucci Contracting Corp. v. M/V ANTWERPEN*, 465 F.3d 254, 258-59 (5th Cir. 2006).

III.   Leave to Proceed *In Forma Pauperis*

On August 31, 2018, Duggan filed a "Motion for Extension of Time to File Designation of Record and Issues on Appeal After Receiving Order Striking Motion Without Prejudice from Lower Court" (#4) with this court wherein, among the various forms of relief sought, Duggan requested a hard copy of her "Court Record" and copies of transcripts from three proceedings before the bankruptcy court free of all costs. At the time, the court was unaware a similar request was pending before the bankruptcy court. On September 13, 2018, this court issued a Memorandum and Order (#9), wherein it denied Duggan's request to proceed *in forma pauperis*. The order was, in effect, a *de novo* review of the bankruptcy court's September 4, 2018, order denying the same. Accordingly, for the reasons set forth in this court's September 13, 2018, Memorandum and Order (#9), the bankruptcy court's denial of Duggan's request to proceed *in forma pauperis* is AFFIRMED.

IV.   Dismissal

The decision whether to dismiss a petition in bankruptcy lies within the discretion of the bankruptcy judge. *In re Mallory*, 476 F. App'x 766, 767 (5th Cir. 2012); *In re Young*, 416 F.

App'x 392, 394 (5th Cir. 2011) ("Our review of a bankruptcy court's dismissal under 11 U.S.C. § 1307 is for an abuse of discretion."); *In re Atlas Supply Corp.*, 857 F.2d 1061, 1063 (5th Cir. 1988). Here, the bankruptcy court dismissed Duggan's bankruptcy action with prejudice pursuant to 11 U.S.C. § 1307. Section 1307(c) provides:

> on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2) nonpayment of any fees and charges required under chapter 123 of title 28;
>
> (3) failure to file a plan timely under section 1321 of this title;
>
> (4) failure to commence making timely payments under section 1326 of this title;
>
> (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;
>
> (6) material default by the debtor with respect to a term of a confirmed plan;
>
> (7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;
>
> (8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;
>
> (9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a);
>
> (10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521(a); or
>
> (11) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

In dismissing Duggan's case, the bankruptcy court expressly found "that [Duggan] failed to confirm the Chapter 13 plan within the time period designated by the Court. The failure of [Duggan] to confirm a Chapter 13 plan in this case after two confirmation hearings . . . constitutes an unreasonably delay by [Duggan] that is prejudicial to creditors."

Duggan does not challenge the bankruptcy court's determination that her second proposed Chapter 13 plan was deficient, nor does she challenge the court's conclusion that the delay was unreasonable and prejudicial to her creditors. Instead, Duggan relies on *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988), and suggests that the bankruptcy court erred in failing to enter a finding that a lesser sanction would not have served the interest of justice. In *McNeal*, the court concluded that the district court abused its discretion in dismissing a plaintiff's complaint under Federal Rule of Civil Procedure 41(b) for contumacious conduct without first considering whether a lesser sanction would have served the interest of justice.

Duggan's reliance on *McNeal* is misplaced. *McNeal* involved a dismissal under Rule 41(b) in a case where a lesser sanction would not have prejudiced the opposing party. In *McNeal*, the only evidence of contumacious conduct was the plaintiff's discharge of her attorney a few days before trial and her failure to be prepared to try the case *pro se* when her case was called. *Id.* at 787-90. In the instant case, if the bankruptcy court had imposed a lesser sanction, the automatic stay would have remained in place, which would have prejudiced Duggan's creditors. Further, the instant record is replete with instances of undue delay and contumacious conduct by Duggan. The record reflects that Duggan filed her bankruptcy petition on June 2, 2017. The court dismissed her petition on June 18, 2018, almost a year later. Prior to the dismissal order, Duggan requested numerous extensions and continuances. At the hearing on Duggan's counsel's motion

5

to withdraw, counsel stated, "we've had extraordinary difficulties in communicating with Mrs. Duggan. She misses appointments. She doesn't respond to inquiries. We went through our file yesterday and we found 49 instances of times that she either failed to appear or failed to respond."

Moreover, it is clear from the record that the bankruptcy court considered the possibility of lesser punishment but found such lesser sanction to be insufficient. At the July 24, 2019, hearing on Duggan's various motions, Duggan asked the court, "Is there a possibility to remove the with prejudice?" The court responded, "No. Creditors have waited to be paid for a year." Therefore, the bankruptcy court acted within its discretion when it determined that a lesser sanction would be inappropriate in light of the prejudice suffered by Duggan's creditors as a result of her repeated unreasonable delays. *See In re Atlas Supply Corp.*, 857 F.2d at 1063 ("The court must balance the equities and weigh the 'benefits and prejudices' of a dismissal." (quoting *In re Blue*, 4 B.R. 580, 584 (Bankr. D. Md. 1980))). Accordingly, the bankruptcy court's orders dismissing Duggan's bankruptcy case with prejudice and denying Duggan's request to amend its judgment are AFFIRMED.

V. <u>Extension of Time to File Notice of Appeal</u>

Duggan filed her Motion for an Extension of Time to File Notice of Appeal contemporaneously to the filing of her motion seeking amendment of the dismissal to be without prejudice. The latter motion automatically extended the deadline to file a notice of appeal to 14 days following the entry of an order disposing of the motion. *See* FED. R. BANK. P. 8002(b). The bankruptcy court denied both motions on July 25, 2018. Duggan filed her notice of appeal within 14 days of July 25, 2018. Therefore, although the court denied the motion, Duggan was, in effect, granted an extension of time to file her notice of appeal. Accordingly, the issue is MOOT.

## VI. Conclusion

Consistent with the foregoing analysis, the judgment of the United States Bankruptcy Court for the Eastern District of Texas is AFFIRMED. All pending motions are DENIED as MOOT.

SIGNED at Beaumont, Texas, this 10th day of May, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE